United States District Court
For the Northern District of California

*E-FILED 4/30/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* DONNA M. McLEAN and THE STATE OF CALIFORNIA *ex rel* DONNA M. McLEAN, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>THE COUNTY OF SANTA CLARA, et al., <br><br>　　　　Defendants. | No. C05-01962 HRL <br><br>**ORDER GRANTING IN PART AND DENYING IN PART RELATOR'S MOTION FOR EVIDENTIARY SANCTIONS OR FOR FED. R. CIV. P. 30(b)(6) DEPOSITION** <br><br>**[Re: Docket No. 136]** |

　　　　Relator Donna M. McLean moves for evidentiary sanctions, or alternatively, for a further Fed.R.Civ.P. 30(b)(6) deposition of defendant County of Santa Clara ("County"). The County opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the April 29, 2008 hearing, this court grants the motion in part and denies it in part.

　　　　Pursuant to Fed. R. Civ. P. 30(b)(6), McLean served a notice for the County's deposition. The notice identified twelve subjects of examination. In response, the County advised that it would produce Christian Griffith, Director of Fiscal & Administrative Services for the County of Santa Clara Social Services Agency, to testify as to Topics 2-12. (Kiniyalocts Decl., Ex. 1). It also stated that Griffith would not be able to testify as to Topic 1 which seeks testimony about "[a]ny payment request related to services provided by Richard J. Perillo, Ph.D

1  (defendant herein) which in any way relate to either (a) DFCS Case 981841, or (b) Relator's
2  civil cases." (Dresser Decl., Ex. A).  The County explained that (a) Dr. Perillo was retained by
3  Deputy County Counsel Karen Heggie to provide expert consultation in the child-dependency
4  proceedings involving McLean's children; and (b) the County did not submit any payment
5  requests to any other entity for Dr. Perillo's services.  (Kiniyalocts Decl., Ex. 1).  Further, the
6  County identified several other individuals who may have relevant knowledge about the noticed
7  topics.  Social Services Program Manager Lori Medina was identified as having knowledge
8  about Topic Nos. 8-12.  Additionally, Tanya Beyers (a social worker assigned to McLean's
9  case) and Ken Borelli (Beyer's supervisor) were identified as persons who may have
10 information about the case count for the child-dependency proceedings involving McLean's
11 children.  (*Id*.).

12     McLean then deposed Griffith as the County's Fed. R. Civ. P. 30(b)(6) designee.  That
13 examination apparently was concluded without incident.  Nonetheless, McLean now contends
14 that he was ill-prepared to testify about the noticed subjects.  Nearly a month later, on February
15 29, 2008, McLean served a notice for the deposition of the "Chief Fiscal Officer of the Social
16 Services Agency of the County of Santa Clara."  (Dresser Decl., Ex. C).  The County reportedly
17 said that Griffith was the identified "Chief Fiscal Officer," but refused to produce him because
18 he had already testified as a Fed. R. Civ. P. 30(b)(6) designee.

19     McLean now moves for evidentiary sanctions under Fed. R. Civ. P. 37(b)(2) deeming
20 certain matters as established, or alternatively, for an order compelling the County to produce
21 Griffith (or someone else) prepared to testify as a Fed.R.Civ.P. 30(b)(6) designee for the
22 County.

23     Under Fed.R.Civ.P. 30(b)(6), a notice for the deposition of an entity "must describe with
24 reasonable particularity the matters for examination."  If the notice sufficiently describes the
25 subjects for examination, then the entity to be deposed "must then designate one or more
26 officers, directors, or managing agents, or designate other persons who consent to testify on its
27 behalf . . .." FED.R.CIV.P. 30(b)(6).  "The persons designated must testify about information
28 known or reasonably available to the organization." *Id*.  The corporate designee need not have

2

personal knowledge of the noticed subjects of examination. However, "[i]f the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D. N.C. 1996).

Generally, evidentiary sanctions under Fed. R. Civ. P. 37(b) are not available absent a prior valid court order compelling discovery. *See Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.3d 363, 267 (9th Cir. 1992). However, under Fed. R. Civ. P. 37(d), sanctions for failure to appear at a deposition may be imposed even absent a prior court order. *See Henry v. Gill Indus., Inc*., 983 F.2d 943, 947 (9th Cir. 1993) (repeated cancellations at the last minute constitute a failure to appear). Where a party has failed to appear for deposition, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the failure was substantially justified or other circumstances make an award of expenses unjust." FED.R.CIV.P. 37(d)(3) (emphasis added).

McLean's motion for evidentiary sanctions is denied. The request for sanctions seemingly is tied to the County's alleged refusal to produce Griffith as an individual in response to McLean's notice for the deposition of the County's "Chief Fiscal Officer of the Social Services Agency of the County of Santa Clara." Yet the instant motion concerns Griffith's alleged unpreparedness to testify as a County designee under Fed. R. Civ. P. 30(b)(6). Moreover, at the motion hearing, McLean seemed to argue that, based on information she recently obtained, the County's "Chief Fiscal Officer" is *not* Mr. Griffiths,[1] and further indicated that she may be deposing Griffith in some other capacity in any event.

Having considered the submitted excerpts of the County's February 1, 2008 deposition, this court concludes that, for the most part, Griffith was not unqualified to testify on the County's behalf. Nevertheless, he was unable to adequately answer questions concerning Topic

---

[1] The parties seem to dispute who has the title of the County's "Chief Fiscal Officer of the Social Services Agency of the County of Santa Clara," but that issue is not before the court on the instant motion.

3

Nos. 8-12.[2]  (*See* Dresser Decl., Ex. B (County Depo. at pp. 40-47).  Accordingly, McLean's motion is granted as to those topics only.  The County shall produce appropriate deponent(s) who are prepared to testify on its behalf as to Topic Nos. 8-12.

　　　　IT IS SO ORDERED.

Dated:    April 30, 2008



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2]　　Topic Nos. 8-12 are as follows:

8.　County policy and procedures for counting and recording the number of children present in a case handled by a social worker in the Santa Clara Department of Family and Children's Services.

9.　Any policy or procedure which would allow a social worker to increase or decrease the CASE CHILDREN COUNT to a figure different than that which would normally be used in other cases with identical numbers of children.

10.　The interplay between the CASE CHILDREN COUNT figure and the Count's agreement with any Union representing social workers.

11.　The discipline that would be imposed on any all [sic] people who inflate a CASE CHILDREN COUNT.

12.　Places (including computerized data files) where it ever recorded that DFCS CASE 981841 was given a case count of five (5) instead of two (2) children.

(Dresser Decl., Ex. A).

4

**5:05-cv-1962 Notice will be electronically mailed to:**

Virginia Stewart Alspaugh Virginia_Alspaugh@cmwlaw.net, Linda_Knobbe@cmwlaw.net, TheAlspaughs@cox.net

Orley Brandt Caudill , Jr brandt_caudill@cmwlaw.net, christopher_zopatti@cmwlaw.net

William C. Dresser loofwcd@aol.com

Melissa R. Kiniyalocts melissa.kiniyalocts@cco.co.scl.ca.us

Sara McLean sara.mclean@usdoj.gov

Michael Millen MikeMillen@aol.com

Richard Augustus Swenson rsloofwcd@aol.com

Joan Eve Trimble joan_trimble@cmwlaw.net, patricia_inabnet@cmwlaw.net

Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**5:05-cv-1962 Notice will be delivered by other means to:**

Julia Clayton
Deputy Attorney General
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004