**United States District Court**
For the Northern District of California

1

2                                          **\*E-FILED 7/17/2008\***

3

4

5

6

7                               NOT FOR CITATION

8                   IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   UNITED STATES *ex rel.* DONNA M.              No. C05-01962 HRL
     McLEAN and THE STATE OF CALIFORNIA
     *ex rel* DONNA M. McLEAN,                     **ORDER GRANTING IN PART AND**
13                                                 **DENYING IN PART DEFENDANTS'**
                Plaintiffs,                        **MOTION TO COMPEL EXPERT**
14       v.                                        **DISCLOSURES OR FOR SANCTIONS**

15

16   THE COUNTY OF SANTA CLARA, THE              **[Re:  Docket No. 168]**
     DEPARTMENT OF CHILDREN AND
     FAMILY SERVICES OF SANTA CLARA
17   COUNTY, KENNETH BORELLI,
     LAWRENCE GALLEGOS, EPIFANIO ("J.R.")
18   REYNA, TANYA BEYERS, DR. DEE
     SCHAFFER, DR. TOMMIJEAN THOMAS,
19   DR. RICHARD PERILLO and DOES 1-100,

20              Defendants.
                                          /
21

22        Defendants move for an order compelling relator Donna McLean to provide proper

23   expert disclosures under Fed. R. Civ. P. 26(a) and extending the time for expert discovery.

24   Alternatively, pursuant to Fed. R. Civ. P. 37(c)(1), they seek an order precluding her from

25   presenting any expert testimony at trial.  McLean opposes the motion.  Upon consideration of

26   the moving and responding papers, as well as the arguments presented at the June 24, 2008

27   hearing, this court grants the motion to compel.  The court does not reach defendants' alternate

28   motion for evidentiary sanctions.

**United States District Court**
For the Northern District of California

1    In this qui tam action, McLean claims that defendants have invented fictional children

2    for the purpose of overbilling the state and federal governments in connection with requests for

3    reimbursement for child welfare expenditures.  The United States and the State of California

4    declined to intervene in this action.  The state qui tam claims brought on behalf of the State of

5    California have been voluntarily dismissed without prejudice.

6    Pursuant to this court's scheduling order, expert disclosures were due by April 15, 2008.

7    On that date, McLean served a document titled "Further Rule 26 Disclosure Including

8    Disclosure of Expert Witnesses."  In it, she lists 67 "persons whom she expects to use at trial to

9    present evidence under Federal Rules of Evidence, Rules 702, 703, or 705."  (Kiniyalocts Decl.,

10   Ex. A at 1:22-24).  The list includes McLean, her current and former attorneys (including her

11   former and current counsel in the instant action), judges, police officers, school counselors,

12   therapists, nuns, as well as attorneys at the U.S. Attorney's Office, the U.S. Department of

13   Justice and the California Attorney General's Office who are monitoring these proceedings.

14   Appended to the list are various documents, including police reports, therapy reports and

15   transcripts of testimony from other legal proceedings.

16   Defendants argue that McLean's disclosure fails to disclose how the listed individuals

17   could be considered "experts" and which (if any) of them are retained.  They further contend

18   that the disclosure is inadequate because (a) no written reports were provided and (b) the

19   disclosure itself does not provide sufficient information for defendants to determine what

20   testimony these individuals might offer and whether any testimony is cumulative or relevant.

21   McLean maintains that her disclosure complies with Fed. R. Civ. P. 26 because it

22   identifies everyone known to her who, based upon their education, training and experience, may

23   be called to provide expert opinions as to the issues in dispute.  For example, she asserts that the

24   identified police officers have expertise in police County policies in removing children from

25   their homes; the nuns may testify about children and maintaining an intact family unit; and

26   McLean's counsel have knowledge as to the reasonableness of any attorney's fees to which

27   McLean may be entitled.  Although she expects to compensate some witnesses for their time,

28   McLean advises that none of the listed individuals have been specially retained to provide

1  expert testimony.  As such, she argues that no written reports are required under Fed. R. Civ. P.

2  26.  She contends that she has gone beyond the requirements of Fed. R. Civ. P. 26 by providing

3  police and therapy reports and prior testimony of some of these unretained witnesses.

4  Under Fed. R. Civ. P. 26(a)(2), a party is required to disclose all experts – retained and

5  unretained – whom it may use at trial to present testimony under Fed. R. Evid. 702, 703, or 705.

6  FED. R. CIV. P. 26(a)(2)(A).  "Unless otherwise stipulated or ordered by the court," a written

7  report is required only as to witnesses who are "retained or specially employed to provide

8  expert testimony in the case or . . . whose duties as the party's employee regularly involve

9  giving expert testimony."  FED. R. CIV. P. 26(a)(2)(B).

10  This court finds that McLean's disclosure was not based on a good-faith attempt to

11  meaningfully identify persons who may be used to offer expert opinions at trial.  Instead, it

12  appears that the disclosure was created out of McLean's concern about the then-impending

13  close of discovery and is the result of her effort to identify every person she could think of who

14  had any involvement in her prior lawsuits against the County or any possible connection

15  (however slight) to the instant action.  As noted above, although the document purports to list

16  everyone who might offer expert testimony, the title of the document itself suggests that expert

17  witnesses comprise only a subset of the proffered list.

18  Moreover, the principle aim of the expert disclosure requirements is to give opposing

19  parties a "reasonable opportunity to prepare for effective cross examination and perhaps arrange

20  for expert testimony from other witnesses."  FED. R. CIV. P. 26 advisory committee's note

21  (1993). McLean's disclosure fails to provide defendants with a sufficient basis by which to

22  make an informed decision as to who should be deposed and how to otherwise prepare their

23  defense.  Nor is this court persuaded that any prejudice to defendants is minimized (or

24  eliminated entirely) because the disclosed individuals reportedly were employed, deposed,

25  interviewed, or otherwise involved in prior adverse litigation with the County of Santa Clara.

26  Based upon the record presented, it is not clear what specialized knowledge (if any) the listed

27  persons have that may bear upon the matters in dispute here.

28

*United States District Court*
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1    Accordingly, IT IS ORDERED THAT:

2    1.    Defendants' motion to compel is GRANTED as follows:    No later than **August**

3    **8, 2008**, McLean shall serve an expert disclosure which clearly identifies any unretained experts

4    whom she may use to provide testimony under Fed. R. Evid. 702, 703 or 705.  At that time, and

5    for each such identified witness, McLean shall make a proffer as to what each witness will say,

6    the bases for the opinions to be expressed, and the methodology they used to reach their

7    conclusions, which the court may then use to determine whether and when further proceedings

8    are required under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); see Fed.

9    R. Evid. 702.

10    Insofar as McLean says that the various attorneys listed in her April 15, 2008 disclosure

11    were identified solely for their reported knowledge and experience as to any attorney's fees

12    which she might claim, she need not make a proffer as to them at this time.

13    2.    Expert discovery, which closed on June 16, 2008, is re-opened as follows:

14    a.    Defendants shall have until **September 8, 2008** to designate any rebuttal

15    experts with reports.

16    b.    Defendants shall have until **October 8, 2008** to complete discovery as to

17    any experts identified by plaintiff.

18    3.    The court does not reach defendants' alternate motion for evidentiary sanctions.

19

20    Dated:    July 17, 2008

21    _____
      HOWARD R. LLOYD
22    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

4

**United States District Court**
For the Northern District of California

1 | **5:05-cv-1962 Notice has been electronically mailed to:**

2 | Virginia Stewart Alspaugh Virginia_Alspaugh@cmwlaw.net, Linda_Knobbe@cmwlaw.net,

3 | TheAlspaughs@cox.net

4 | Orley Brandt Caudill , Jr brandt_caudill@cmwlaw.net, christopher_zopatti@cmwlaw.net

5 | William C. Dresser loofwcd@aol.com

6 | Melissa R. Kiniyalocts melissa.kiniyalocts@cco.co.scl.ca.us

7 | Donna M McLean loofwcd@aol.com

8 | Sara McLean sara.mclean@usdoj.gov

9 | Richard Augustus Swenson rsloofwcd@aol.com

10 | Joan Eve Trimble joan_trimble@cmwlaw.net, patricia_inabnet@cmwlaw.net

11 | Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

12 | **Counsel are responsible for distributing a copy of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

13 |

14 | **Notice mailed to**:

15 | Julia Ann Clayton
California Attorney General's Office

16 | 455 Golden Gate Avenue, # 11000
San Francisco, CA 94102-7004

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

5