*E-FILED 9/8/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* DONNA M. McLEAN and THE STATE OF CALIFORNIA *ex rel* DONNA M. McLEAN,<br><br>    Plaintiffs,<br>    v.<br><br>THE COUNTY OF SANTA CLARA, THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES OF SANTA CLARA COUNTY, KENNETH BORELLI, LAWRENCE GALLEGOS, EPIFANIO ("J.R.") REYNA, TANYA BEYERS, DR. DEE SCHAFFER, DR. TOMMIJEAN THOMAS, DR. RICHARD PERILLO and DOES 1-100,<br><br>    Defendants.<br>_____/ | No. C05-01962 HRL<br><br>**ORDER DENYING RELATOR'S MOTION FOR CERTIFICATION OF FINAL JUDGMENT**<br><br>[Re: Docket No. 237] |

Pursuant to Fed. R. Civ. P. 54, relator Donna McLean moves for certification of judgment on the County of Santa Clara's counterclaims. Defendants oppose the motion. The matter is deemed suitable for determination without oral argument. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court denies the motion.

**I. BACKGROUND**

In this qui tam action, McLean claims that defendants have invented fictional children for the purpose of overbilling the state and federal governments in connection with requests for reimbursement for child welfare expenditures. The United States and the State of California

1 declined to intervene. The *qui tam* claims brought on behalf of the State of California have
2 since been voluntarily dismissed without prejudice.

3 The County of Santa Clara ("County") filed counterclaims against McLean for breach of
4 contract, breach of the implied covenant of good faith and fair dealing and for declaratory relief.
5 It contended that McLean was precluded from pursuing the instant *qui tam* action by virtue of a
6 settlement agreement and release resolving several prior lawsuits she filed against the County.

7 McLean moved to strike the counterclaims pursuant to California's anti-SLAPP statute,
8 California Code of Civil Procedure section 425.16. On July 25, 2006, that motion was denied.

9 McLean subsequently filed a summary judgment motion as to the counterclaims. On
10 April 30, 2008, this court granted her motion based on Ninth Circuit authority indicating that a
11 prefiling release of *qui tam* claims generally cannot be enforced to bar a subsequent *qui tam*
12 action where the release was entered into without the government's knowledge or consent.

13 Defendants have filed a summary judgment motion as to the *qui tam* claims. That
14 motion is pending.

15 Pursuant to Fed.R.Civ.P. 54(b), realtor now moves for certification of final judgment as
16 to the County's counterclaims.[1]

## II. DISCUSSION

18 In actions involving multiple parties or claims (whether brought as claims,
19 counterclaims, crossclaims or third party claims), Federal Rule of Civil Procedure 54(b)
20 authorizes a district court to "direct the entry of a final judgment as to one or more but fewer
21 than all of the claims or parties only if the court expressly determines that there is no just reason
22 for delay." The United States Supreme Court has outlined a two-step analysis to be conducted
23 in deciding Fed.R.Civ.P. 54(b) motions. First, this court must "determine that it is dealing with
24 a 'final judgment,'" i.e., "a decision upon a cognizable claim for relief" that is "'an ultimate

---

[1] Shortly after this court granted her motion for summary judgment as to the County's counterclaims, McLean moved for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2). (See Docket #161). The County argued that her request for fees was premature because, among other things, judgment had not been entered. See Fed.R.Civ.P. 54(d)(2). The instant motion for certification followed. At the August 5, 2008 motion hearing, McLean's motion for fees was denied without prejudice.

2

disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).  Second, this court must determine whether there is any just reason for delay in entering judgment. Id.  In deciding whether there are just reasons for delay, a district court "must take into account judicial administrative interests as well as the equities involved," and may consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id.  Similarity of legal or factual issues weighs heavily against entry of judgment. Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

Nevertheless, motions for certification of final judgment are not routinely granted. "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id.  "Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests 'is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Wood v. GCC Bend LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Mackey, 351 U.S. at 438).

In this case, there is no dispute that this court has made a final decision as to the County's counterclaims.  Nonetheless, taking into account judicial administrative interests, as well as the equities involved, this court is unpersuaded that the second part of the Supreme Court's test for the entry of Fed.R.Civ.P. 54(b) judgment is satisfied.

Here, the parties disagree as to whether the dismissed counterclaims are related, factually or legally, to the *qui tam* claims.  Relator contends that her *qui tam* claims are entirely distinct and separate.  Defendants contend that there is some overlap because (a) the government's knowledge of McLean's allegations was a key factor in the dismissal of the

3

1  counterclaims; and (b) in their pending summary judgment motion, defendants seek judgment
2  on the ground (among others) that McLean was not the original source of the information on
3  which her *qui tam* claims are based.

4        The pending *qui tam* claims are not directly intertwined with the counterclaims.  The *qui*
5  *tam* claims concern whether defendants have engaged in fraudulent conduct; the counterclaims
6  primarily concern the question whether McLean properly may pursue the *qui tam* claims at all.
7  Even so, it does not follow that her motion *must* be granted.  "Not all final judgments on
8  individual claims should be immediately appealable, even if they are in some sense separable
9  from the remaining unresolved claims."  Curtiss-Wright Corp., 446 U.S. at 8.  "The function of
10 the district court under [Fed. R. Civ. P. 54(b)] is to act as a 'dispatcher,'" and the determination
11 as to when a final decision is ready for appeal rests within the sound discretion of the district
12 court.  Id.  "This discretion is to be exercised 'in the interest of sound judicial administration.'"
13 Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)).  On this point, the
14 Ninth Circuit has cautioned:

> The greater the overlap the greater the chance that this court will have to
> revisit the same facts – spun only slightly differently – in a successive appeal.
> The caseload of this court is already huge.  More than fifteen thousand
> appeals were filed in the last year.  We cannot afford the luxury of reviewing
> the same set of facts in a routine case more than once without a seriously
> important reason.

19 Wood, 422 F.3d at 882.  If this court were to certify final judgment on the County's
20 counterclaims, to a certain degree, the Ninth Circuit would still be required to review the same
21 set of facts twice.  As such, the court is not convinced that entering judgment as to the
22 counterclaims now would spare an appellate court from duplicating its efforts if there were an
23 immediate appeal and another one following summary judgment or trial of the *qui tam* claims.

24       Nor has relator shown sufficient cause for imposing that burden on the Circuit court in
25 this instance.  Here, McLean argues that she should not have to try her *qui tam* claims with
26 reference to the counterclaims because "[a] qui tam action is ordinarily tried without a counter-
27 claim or reference to a counter-claim."  (Reply at 3).  However, the court has already
28 determined that the counterclaims will not proceed to trial.  So, entering final judgment now as

4

1 to them streamlines nothing.  Indeed, this court finds that certifying final judgment now will
2 only serve to unnecessarily multiply these proceedings and embroil the parties in litigation in
3 two forums.
4      McLean nonetheless argues that the County's assertion of its counterclaims was merely
5 a tactic designed to delay or thwart her pursuit of the *qui tam* claims (e.g., by increasing costs of
6 this litigation, making it difficult to retain counsel, and keeping alive the threat of litigation as
7 leverage for her pursuit of the *qui tam* claims).  Even assuming that were true (and McLean has
8 not substantiated those assertions here), none of those reasons are probative of any prejudice
9 she would suffer if an appeal as to the County's counterclaims were brought later instead of
10 now.  McLean tacitly suggests that she will be prejudiced by a delay in payment of judgment.
11 But she has not argued, much less shown, that delay of an appeal will inflict severe financial
12 harm.
13      In sum, this court does not find any pressing need for immediate appeal which
14 outweighs the costs and risks of multiplying the number of proceedings and of overcrowding
15 the appellate docket.

### III.  ORDER

17      Based on the foregoing, relator's motion for certification of final judgment pursuant to
18 Fed.R.Civ.P. 54(b) is DENIED.

20 Dated:   September 8, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**5:05-cv-1962 Notice has been electronically mailed to:**

Donna M McLean loofwcd@aol.com

Joan Eve Trimble joan_trimble@cmwlaw.net, patricia_inabnet@cmwlaw.net

Melissa R. Kiniyalocts melissa.kiniyalocts@cco.co.scl.ca.us

Orley Brandt Caudill , Jr brandt_caudill@cmwlaw.net, christopher_zopatti@cmwlaw.net

Richard Augustus Swenson rsloofwcd@aol.com, rsloofwcd@aol.com

Sara McLean sara.mclean@usdoj.gov

Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

Virginia Stewart Alspaugh Virginia_Alspaugh@cmwlaw.net, Linda_Knobbe@cmwlaw.net, TheAlspaughs@cox.net

William C. Dresser loofwcd@aol.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**Copy of order mailed to**:

Julia Ann Clayton
California Attorney General's Office
455 Golden Gate Avenue # 11000
San Francisco , CA 94102-7004