*E-FILED 12/8/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES *ex rel*. DONNA M. McLEAN and THE STATE OF CALIFORNIA *ex rel* DONNA M. McLEAN,<br><br>Plaintiffs,<br>v.<br><br>THE COUNTY OF SANTA CLARA, THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES OF SANTA CLARA COUNTY, KENNETH BORELLI, LAWRENCE GALLEGOS, EPIFANIO ("J.R.") REYNA, TANYA BEYERS, DR. DEE SCHAFFER, DR. TOMMIJEAN THOMAS, DR. RICHARD PERILLO and DOES 1-100,<br><br>Defendants.<br>_____/ | No. C05-01962 HRL<br><br>**ORDER (1) DENYING RELATOR'S MOTION FOR SANCTIONS; AND (2) DENYING AS MOOT DEFENDANT COUNTY OF SANTA CLARA'S MOTION TO TERMINATE FED.R.CIV.P. 30(b)(6) DEPOSITION**<br><br>[Re: Docket Nos. 184 and 186] |

Relator Donna McLean moves for evidentiary sanctions, or alternatively, for a further Fed.R.Civ.P. 30(b)(6) deposition of defendant County of Santa Clara ("County"). The County has filed a cross-motion to terminate the deposition. Both sides also seek monetary sanctions. Upon consideration of the moving and responding papers,[1] as well as the arguments of counsel, this court denies relator's motion and denies as moot the County's motion. The parties'

---

[1] The County correctly notes that relator's oversized brief was filed without leave of court and contravenes Civil Local Rule 7-4(b). The court has accepted and considered all of relator's papers. Nonetheless, the court does not condone her failure to comply with the applicable rules and warns against future non-compliance.

respective requests for payment of their fees and costs incurred in connection with these motions are also denied.

In this qui tam action, relator claims that defendants have invented fictional children for the purpose of overbilling the federal government[2] in connection with requests for reimbursement for child welfare expenditures. She previously moved for evidentiary sanctions in connection with the Fed.R.Civ.P. 30(b)(6) deposition of the County. The court denied the motion for sanctions, but ordered the County to designate appropriate person(s) to testify about deposition topics 8-12. Pursuant to that order, the County designated Social Services Program Manager Lori Medina to testify on its behalf. Relator says that Medina was not qualified to testify as to those topics. She further contends that the County made improper objections and then unilaterally terminated the deposition. For its part, the County says that McLean conducted the deposition in bad faith, repeatedly inquired about privileged communications and asked about matters beyond the scope of topics 8-12.[3]

---

[2] Claims asserted on behalf of the State of California have been voluntarily dismissed.

[3]
| | | |
|---|---|---|
| Topic 8: | | County policy and procedures for counting and recording the number of children present in a case handled by a social worker in the Santa Clara Department of Family and Children's Services. |
| Topic 9: | | Any policy or procedure which would allow a social worker to increase or decrease the CASE CHILDREN COUNT to a figure different than that which would normally be used in other cases with identical numbers of children. |
| Topic 10: | | The interplay between the CASE CHILDREN COUNT figure and the County's agreement with any Union representing social workers. |
| Topic 11: | | The discipline that would be imposed on any all [sic] people who inflate a CASE CHILDREN COUNT. |
| Topic 12: | | Places (including computerized data files) where it ever recorded that DFCS CASE 981841 was given a case count of five (5) instead of two (2) children. |

(Kiniyalocts Decl. ISO Defts' Mot. to Terminate, Ex. A).

2

1    Under Fed.R.Civ.P. 30(b)(6), a notice for the deposition of an entity "must describe with
2 reasonable particularity the matters for examination." If the notice sufficiently describes the
3 subjects for examination, then the entity to be deposed "must then designate one or more
4 officers, directors, or managing agents, or designate other persons who consent to testify on its
5 behalf . . . ." FED.R.CIV.P. 30(b)(6). "The persons designated must testify about information
6 known or reasonably available to the organization." Id. The corporate designee need not have
7 personal knowledge of the noticed subjects of examination. However, "[i]f the persons
8 designated by the corporation do not possess personal knowledge of the matters set out in the
9 deposition notice, the corporation is obligated to prepare the designees so that they may give
10 knowledgeable and binding answers for the corporation." United States v. Taylor, 166 F.R.D.
11 356, 361 (M.D. N.C. 1996).

12   Upon review of the record presented, the court concludes that Medina was not
13 unqualified to testify for the County. Nor does the court find any basis to require the County to
14 appear for a further deposition. Moreover, it seems that a number of questions went well
15 beyond the five topics for which the County was ordered to produce a designee. Relator has not
16 convincingly explained why and how those matters fell within those topics; and, at the motion
17 hearing, her counsel acknowledged that the examination went beyond their reasonable scope.
18 Accordingly, relator's motion for evidentiary sanctions or, alternatively, to compel a further
19 deposition, is denied. The County's motion to terminate the deposition is denied as moot.

20   The parties' respective requests for payment of their fees and costs are denied.

21   SO ORDERED.

22 Dated:  December 8, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**5:05-cv-1962 Notice has been electronically mailed to:**

Donna M McLean loofwcd@aol.com

Joan Eve Trimble joan_trimble@cmwlaw.net, patricia_inabnet@cmwlaw.net

Melissa R. Kiniyalocts melissa.kiniyalocts@cco.co.scl.ca.us

Orley Brandt Caudill , Jr brandt_caudill@cmwlaw.net, christopher_zopatti@cmwlaw.net

Richard Augustus Swenson rsloofwcd@aol.com, rsloofwcd@aol.com

Sara McLean sara.mclean@usdoj.gov

Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

Stephen H. Schmid stephen.schmid@cco.co.santa-clara.ca.us

Virginia Stewart Alspaugh Virginia_Alspaugh@cmwlaw.net, Linda_Knobbe@cmwlaw.net, TheAlspaughs@cox.net

William C. Dresser loofwcd@aol.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**Copy of order mailed to**:

Julia Ann Clayton
California Attorney General's Office
455 Golden Gate Avenue # 11000
San Francisco , CA 94102-7004