*E-FILED 1/23/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* DONNA M. McLEAN and THE STATE OF CALIFORNIA *ex rel* DONNA M. McLEAN,<br><br>Plaintiffs,<br>v.<br><br>THE COUNTY OF SANTA CLARA, THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES OF SANTA CLARA COUNTY, KENNETH BORELLI, LAWRENCE GALLEGOS, EPIFANIO ("J.R.") REYNA, TANYA BEYERS, DR. DEE SCHAFFER, DR. TOMMIJEAN THOMAS, DR. RICHARD PERILLO and DOES 1-100,<br><br>Defendants. | No. C05-01962 HRL<br><br>**ORDER RE PARTIES' CROSS-MOTIONS RE EXPERT DISCOVERY**<br><br>**[Re: Docket Nos. 182 and 191]** |

Defendants have disclosed four current and former County employees as experts: Christian Griffith, Will Lightbourne, Onita Spake and Sandra Dalida. Reportedly, these individuals have also provided testimony as fact witnesses. Relator Donna McLean moves to compel further document production and deposition testimony from Griffith. Additionally, she seeks an order compelling Griffith (and the three other defense experts) to produce an expert report. Although not specifically requested in her motion papers, McLean's supporting documentation indicates that she also seeks an order directing defendants to pay her reasonable attorney's fees and costs incurred in bringing the instant motion. Defendants oppose the motion

1  to compel and bring their own cross-motion for a protective order. They also seek an order
2  directing McLean to pay their reasonable attorney's fees and costs incurred. Upon
3  consideration of the moving and responding papers, as well as the arguments of counsel, this
4  court issues the following order.

5  Relator's motion for an order requiring written expert reports is denied. Here, there is
6  no dispute that defendants' experts are not retained. And, on the record presented, this court
7  finds no basis to conclude that Griffith or any of the other designated defense experts are
8  individuals "whose duties as the party's employee regularly involve giving expert testimony."
9  FED. R. CIV. P. 26(a)(2)(B).

10  With respect to the documents subpoenaed from each of the defense experts, this court
11  finds that relator's requests for (a) the expert's most recent curriculum vitae or resume and (b)
12  the job description for the expert's current position is reasonable – and in so finding, the court
13  assumes that such documents are within the possession, custody or control of the witness. If
14  these documents have not already been produced, defendants shall produce them no later than
15  **February 6, 2009**. To the extent each witness also has possession, custody or control of the job
16  description for the position held by the witness as of January 2001, such documents shall also
17  be produced by **February 6, 2009**.

18  As for the remaining document requests listed in the subpoenas served on each of
19  defendants' disclosed experts, fact discovery closed a number of months ago. It seems that
20  McLean is now is attempting to evade that cutoff by seeking wide-ranging fact discovery from
21  defendants' experts. Defense counsel attests that Griffith (the only expert who had been
22  deposed at the time the instant motion was heard) produced at his deposition all documents he
23  relied upon in forming his opinion(s). (Kiniyalocts Decl. ISO Mot. for Prot. Order, ¶ 10, Ex.
24  R). This court assumes that the same is true of all of defendants' disclosed experts.
25  Accordingly, as to the remaining document requests propounded on defendants' experts,
26  relator's motion is denied and defendants' motion is granted.

27  With respect to communications and documents exchanged between the designated
28  defense experts and defense counsel, McLean asserts that the designation of former and current

2

1  County employees effects a blanket waiver of any privilege as to any and all communications
2  they may have had with defense counsel.  A testifying expert must disclose all information he
3  received, considered, or relied upon in forming his opinions – whether or not such material
4  might otherwise be protected by a privilege.  See Fed.R.Civ.P. 26(a)(2).  However, where, as
5  here, a designated expert wears "multiple hats" in litigation, the expert's proponent may still
6  assert a privilege over materials having no relation to the witness' role as an expert.  See B.C.F.
7  Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc., 171 F.R.D. 57, 62 (S.D.N.Y.
8  1997); see also Securities & Exchange Comm'n v. Reyes, No. C06-04435, 2007 WL 963422
9  *1-2 (N.D. Cal., Mar. 30, 2007).

10  McLean says that Griffith exchanged some 50-100 emails with defense counsel in this
11  litigation.  On the record presented, it is unknown what communications and documents were
12  exchanged between defense counsel and the other three designated defense experts.  Whatever
13  the volume of documents, McLean contends that she is entitled to all of it.  Defendants maintain
14  that none of those communications pertain to the experts' respective opinions and therefore
15  remain privileged.  In order to resolve this dispute, the court will conduct an *in camera* review
16  of the documents in question to determine what, if any, documents should be produced.
17  Accordingly, no later than **February 6, 2009**, defendants shall lodge with this court's chambers
18  a copy of all communications and documents exchanged between the four designated defense
19  experts and defense counsel in this matter.

20  On the record presented, this court is unpersuaded that a further deposition of Griffith in
21  his capacity as an expert is justified.  Accordingly, relator's motion on that issue is denied.  If
22  the court should determine, based on its *in camera* review, that a further expert deposition of
23  Griffith is warranted, it will issue an order to that effect at that time.

24  The parties' requests for payment of their respective attorney's fees and costs is denied.
25  SO ORDERED.
26  Dated:   January 23, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**5:05-cv-1962 Notice has been electronically mailed to:**

Donna M McLean loofwcd@aol.com

Joan Eve Trimble joan_trimble@cmwlaw.net, patricia_inabnet@cmwlaw.net

Melissa R. Kiniyalocts melissa.kiniyalocts@cco.co.scl.ca.us

Orley Brandt Caudill , Jr brandt_caudill@cmwlaw.net, christopher_zopatti@cmwlaw.net

Richard Augustus Swenson rsloofwcd@aol.com, rsloofwcd@aol.com

Sara McLean sara.mclean@usdoj.gov

Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

Stephen H. Schmid stephen.schmid@cco.co.santa-clara.ca.us

Virginia Stewart Alspaugh Virginia_Alspaugh@cmwlaw.net, Linda_Knobbe@cmwlaw.net, TheAlspaughs@cox.net

William C. Dresser loofwcd@aol.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**Copy of order mailed to**:

Julia Ann Clayton
California Attorney General's Office
455 Golden Gate Avenue # 11000
San Francisco , CA 94102-7004