NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES *ex rel*. DONNA M. McLEAN and THE STATE OF CALIFORNIA *ex rel* DONNA M. McLEAN,<br><br>Plaintiffs,<br>v.<br><br>THE COUNTY OF SANTA CLARA, THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES OF SANTA CLARA COUNTY, KENNETH BORELLI, LAWRENCE GALLEGOS, EPIFANIO ("J.R.") REYNA, TANYA BEYERS, DR. DEE SCHAFFER, DR. TOMMIJEAN THOMAS, DR. RICHARD PERILLO and DOES 1-100,<br><br>Defendants.<br>_____/ | No. C05-01962 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RELATOR'S ADMINISTRATIVE MOTION REQUESTING DISCOVERY**<br><br>**[Docket No. 264]** |

Relator Donna M. McLean filed the instant qui tam action, under seal, on May 12, 2005, alleging that defendants fraudulently overcharge the federal and state governments by (a) making up fictional children in order to increase funding received for child welfare services; and (b) conspiring with local doctors to bill the federal and state governments for services not rendered. Following their investigation into the allegations, the United States and the State of California declined to intervene. The complaint subsequently was unsealed and defendants were served. The court later issued a scheduling order which contemplated, among other things, a May 18, 2007 close of fact discovery and an October 2007 trial.

The following spring, shortly before the close of fact discovery, McLean advised that she had a falling out with her first attorney, Douglas Linde. Linde was, at McLean's request, permitted to withdraw as counsel of record. The court's original scheduling order was vacated, and the litigation was stayed from May 15, 2007 to July 27, 2007 to allow McLean time to secure new counsel.

On September 11, 2007, attorney Michael Millen substituted into the case as McLean's counsel of record. Soon after, this court held a case management conference. At that conference, McLean indicated that she intended to file an amendment to the complaint to include reportedly new information about an alleged scheme of fraudulent billing activity by defendants. She further indicated that the amendment would simply refine and provide additional detail as to existing allegations in the original complaint. The court directed relator to promptly file her amendment and then issued an order setting the following case management deadlines and trial:

```
Fact Discovery Cutoff .................................... March 14, 2008
Designation of Experts with Reports ............................. April 15, 2008
Designation of Rebuttal Experts with Reports ....................... May 15, 2008
Expert Discovery Cutoff ....................................... June 16, 2008
Last Day for Hearing on Dispositive Motions  ............. July 1, 2008, 10:00 a.m.
Final Pretrial Conference ........................... August 26, 2008, 1:30 p.m.
Jury Trial (estimated 7 days) .............................. September 2, 2008
```

Shortly after, McLean advised that her attorney-client relationship with Millen had also broken down. Relator herself signed and filed the Amendment to Complaint on February 8, 2008. The gist of the amendment is that the County fraudulently bills the federal and state governments for costs in connection with a Children's Shelter. A few days later, McLean filed a request to allow Millen to withdraw from representation. Her third and current counsel, William Dresser, then substituted into the case.

The claims brought on behalf of the State of California subsequently were voluntarily dismissed. Following its investigation into the allegations of the Amendment to Complaint, the United States declined to intervene, and that pleading was unsealed.

In the meantime, McLean's request to re-open fact discovery and to extend the period for expert discovery was denied. In the two years since the action was unsealed, McLean had been without an attorney for only a few months; and, there was only a two week "break" between the time she requested that Millen be permitted to withdraw and the time that the court issued its order granting that request. Meanwhile, her current counsel had already substituted into the case, and it appeared that she had been conducting a raft of discovery as to the allegations of both the original complaint and the amendment.

Indeed, McLean has sought records not only through the formal discovery process in this litigation, but also through Freedom of Information Act requests, California Public Records Act requests, and petitions for disclosure filed with the state juvenile court. Throughout discovery, relator has served on defendants numerous discovery requests – some of which this court found to be duplicative or so overbroad as to be unreasonable – without attempting to show how the likely benefit of the discovery outweighed the burden and expense imposed. And, the court has struggled mightily to give relator reasonable access to information she wants without imposing undue burden or expense on defendants. Defendants say that, to date, they have responded to relator's requests for admission; answered three sets of interrogatories; and produced at least 8,500 pages of documents in response to McLean's three sets of requests for production and six California Public Records Act requests, including:

- procedures manual re the County's submission of claims for reimbursement for child-welfare services;

- memoranda of understanding between the County and the labor organization that represents social workers;

- documents pertaining to funds paid to therapists that provided treatment to relator's family when her children were dependents of the juvenile court;

- documents pertaining to the number of children counted in relator's children's dependency case;

3

- documents pertaining to federal funds used to pay for foster care services, including Summary Reports of Assistance Expenditures for Emergency Assistance (EA) Foster Care–Federal;

- documents relating to the County's billing for funding requests for dependent children from January 1, 2001, through the date of production; payments to child-welfare services providers (former) defendant Tommijean Thomas and defendant Dee Shafer; and all social worker case notes pertaining to McLean's children;

- documents pertaining to the Children's Shelter, including the license for the Children's Shelter issued by the California Department of Social Services; copies of reports and recommendations relating to an audit of the Children's Shelter; documents containing monthly bed counts at the Children's Shelter; a copy of the Children's Shelter Handbook; records of payments by the State of California to the County of Santa Clara on various programs listed in Relator's requests; contracts and licenses pertaining to the Children's Shelter; contracts between the County and Starlight Adolescent Center; contracts between the County and Eastfield Ming Quong; contracts between the County and the Unity Care Group; and contracts between the County and Charter Behavioral Health System; and

- adjusted County Expense Claims ("CECs").

(Kiniyalocts Decl. ¶¶ 9-12, 18-20). Defendants further note that McLean has deposed a number of County employees, including:

- Social Services Agency (SSA) Director William Lightbourne;

- former Deputy Director of the Department of Family and Children's Services (DFCS) and defendant Kenneth Borelli;

- Social work supervisor and defendant Lawrence Gallego;

- Social worker and defendant Tanya Byers;

- former Director of Fiscal and Administrative Services for SSA Onita Spake;

- DFCS Director Norma Sparks;

- DFCS Program Manager Lori Medina; and

- former Director of Fiscal and Administrative Services for SSA Christian Griffith, who was deposed twice – once as a Fed. R. Civ. P. 30(b)(6) witness and again as a non-retained expert.

(Kiniyalocts Decl., ¶ 21). According to defendants, with the exception of Griffith (as a Fed.R.Civ.P. 30(b)(6) designee) and Byers, all of these depositions were taken after McLean filed her Amendment to Complaint.

4

Pursuant to her petitions for disclosure, McLean reportedly has also obtained juvenile court records relating to eighteen children from families who were allegedly involved in child-dependency proceedings. (Kiniyalocts Decl. ¶ 27).

With respect to McLean's stated desire to conduct even more discovery as to the allegations of the Amendment to Complaint, this court previously stated that it is disinclined to permit any further discovery because (a) she represented that the amendment merely is a refinement of the allegations in the original complaint, and (b) it appears that she has been actively conducting a host of discovery as to the subject matter of the amendment. (See, e.g., Docket No. 263). Nevertheless, the court vacated the deadline for hearing dispositive motions, the final pretrial conference and trial and set a further case management conference to discuss how much time would be necessary to conduct discovery on allegations in the Amendment to Complaint. That conference later was vacated while the court dealt with the parties' myriad discovery motions.

In the meantime, McLean submitted a case management statement indicating that, with respect to the Amendment to Complaint, she wished to serve up to 5 requests for admission, 15 contention interrogatories and several "requests to produce to obtain the documents upon which Defendants rely." (See Docket No. 223 at 16). The court ordered her to submit her proposed discovery requests for review so that it could determine whether she should be permitted to pursue them. (See Docket No. 263).

Now before the court is McLean's "Administrative Motion Requesting Discovery" in which she not only sets out the additional discovery she wants to propound, she also moves to compel discovery that she says she previously requested, but claims that the County has not produced. In the process, she dredges up a number of discovery issues that have already been ruled upon by the court. McLean's attempt to expand the instant motion beyond the bounds contemplated by the court's order is not well taken. Nevertheless, the court has considered all of her arguments, as well as those asserted by defendants in opposition. Upon consideration of the moving and responding papers, this court rules as follows:

McLean's request for further documents and deposition of Christian Griffith is denied. As she acknowledges, this court has already ruled on her prior motion to compel further documents and deposition testimony from him. (Docket No. 262). In any event, she has not managed to persuade that further production of documents or another deposition of Griffith is warranted.

McLean says that she has not yet had an opportunity to depose William Lightbourne, Onita Spake or Sandra Dalida in their capacities as the County's designated nonretained experts. The court is disinclined to postpone these depositions until after summary judgment (as defendants suggest) and finds that relator fairly should have an opportunity to depose these individuals to ascertain their opinions and the bases for them. Accordingly, McLean shall have until October 30, 2009 to complete the expert depositions of these individuals. These individuals shall produce documents that they relied upon in forming their opinions. However, they shall not be required to re-produce documents that have already been produced. (To the extent they rely upon documents that have already been produced, they shall identify those documents for relator.) Nor are they required to produce documents that they do <u>not</u> rely upon in forming their opinions. McLean's renewed request to compel these individuals to produce documents she thinks they ought to have relied upon is denied.

With respect to McLean's Document Request No. 31, this court previously granted her motion to compel responsive documents, but limited the production to (a) documents evidencing fiscal adjustments, (b) the particular form, not identified for the court, but which McLean offered to share with defendants and (c) to the time period from 2001 to the present. (Docket No. 261, Jan. 22, 2009 order at 2). McLean now complains that she identified the form(s) (appended to an "All County" letter) for defendants, but that defendants have not produced responsive documents as per this court's order.[1] If McLean did not get the documents

---

[1] McLean complains that defendants have not produced documents pertaining to forms attached to an "All County" letter dated January 31, 2000 nor supporting documentation for claims identified in an "All County" letter dated January 26, 2004. However, her Document Request No. 31 – which this court agreed was vague, ambiguous and overbroad – did not actually refer to any "All County" letter. Rather, the basis for this court's prior discovery order was McLean's statements at oral argument that she only sought

6

1  she says she wanted, she has only herself to blame. The record presented indicates that on
2  January 22, 2009 (i.e., the same day the court issued its order), defendants sent McLean a letter
3  asking her to identify the form she had referred to in court. McLean, however, failed to respond
4  until after the County produced its documents on the February 4, 2009 court-ordered deadline.
5  (Kiniyalocts Decl., Exs. A-D). Defendants say that they have otherwise produced over 2,600
6  pages of documents pertaining to adjusted CECs; and, the court is sympathetic to defendants'
7  frustration with relator's tardy response. Nevertheless, the court's prior order did grant relator's
8  motion as to the particular form she said she had in mind. And, McLean apparently has
9  clarified that she was not referring to the clothing allowance attachment, but rather to the two
10 forms behind it: CA800A (NONFEDERAL) and CA800 FC (FED). (Id., Ex. E). Accordingly,
11 to the extent that the County has responsive, non-privileged documents that have not yet been
12 produced pertaining to the forms now identified by McLean, it shall produce them within 15
13 days of the date of this order. In so ruling, however, this court emphasizes that all of the terms
14 of its January 22, 2009 order still apply – i.e., the court assumes that the documents are
15 maintained together on discrete "files" or are electronically stored and readily retrievable; and,
16 the court does not require defendants to search through individual "client" files. Additionally,
17 McLean has not explained what these forms are or why they are important. However, to the
18 extent form CA 800A FC (NONFEDERAL) does not pertain to funds requested of the United
19 States, it would appear to be irrelevant and need not be produced (as discussed above, the
20 claims brought on behalf of the State of California were voluntarily dismissed over a year ago).
21 McLean's motion for further depositions of William Lightbourne and Onita Spake
22 (apparently, in their capacities as fact witnesses) as to the County's CEC forms is denied, as is
23 her motion to compel supplemental initial disclosures.
24 As for the proposed additional discovery re the allegations of the Amendment to
25 Complaint, defendants contend that the requests are vague, ambiguous, overbroad, unduly

---

27 discovery pertaining to a particular form, which she agreed to identify for defendants.
28 Further muddying the waters – while McLean now complains about January 31, 2000 and January 26, 2004 "All County" letters, the letter she actually shared with defendants is dated October 31, 2000.

7

burdensome and cumulative of discovery that has already produced. This court agrees. Additionally, many of the requests are not keyed to the allegations of the Amendment to Complaint. Nor has McLean explained how proportionality and other requirements of Fed.R.Civ.P. 26 have been satisfied. Her motion to pursue this additional discovery therefore is denied.

The parties shall meet-and-confer on a new hearing date for defendants' summary judgment motion, to be re-set for a date after McLean has completed the expert depositions of Lightbourne, Spake and Dalida.[2]

SO ORDERED.

Dated: September 8, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] The court is informed that attorney William Dresser has just filed a motion to withdraw as counsel of record, and McLean has just filed a motion to stay this matter while she attempts to secure new counsel to substitute for Dresser. The court takes no position now as to those requests, except to say that Dresser is still counsel of record; and, it is not clear that McLean has standing to seek a stay of these proceedings on her own behalf. If current counsel of record is permitted to withdraw, the court will revisit the deadlines set in this order. Unless and until then, however, the dates contemplated by this order stand.

**5:05-cv-1962 Notice has been electronically mailed to:**

Joan Eve Trimble joan_trimble@cmwlaw.net, patricia_inabnet@cmwlaw.net

Melissa R. Kiniyalocts melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Orley Brandt Caudill , Jr brandt_caudill@cmwlaw.net, christopher_zopatti@cmwlaw.net

Richard Augustus Swenson rsloofwcd@aol.com, rsloofwcd@aol.com

Sara McLean sara.mclean@usdoj.gov

Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

Stephen H. Schmid stephen.schmid@cco.co.santa-clara.ca.us, marylou.gonzales@cco.sccgov.org

Virginia Stewart Alspaugh Virginia_Alspaugh@cmwlaw.net, Linda_Knobbe@cmwlaw.net, TheAlspaughs@cox.net

William C. Dresser loofwcd@aol.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**Copy of order mailed to**:

Julia Ann Clayton
California Attorney General's Office
455 Golden Gate Avenue # 11000
San Francisco , CA 94102-7004