*E-FILED 10-09-2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* DONNA M. McLEAN and THE STATE OF CALIFORNIA *ex rel* DONNA M. McLEAN,<br><br>Plaintiffs,<br>v.<br><br>THE COUNTY OF SANTA CLARA, THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES OF SANTA CLARA COUNTY, KENNETH BORELLI, LAWRENCE GALLEGOS, EPIFANIO ("J.R.") REYNA, TANYA BEYERS, DR. DEE SCHAFFER, DR. TOMMIJEAN THOMAS, DR. RICHARD PERILLO and DOES 1-100,<br><br>Defendants. | No. C05-01962 HRL<br><br>**ORDER PERMITTING CONDITIONAL WITHDRAWAL BY RELATOR'S COUNSEL AND STAYING CASE**<br><br>**[Docket Nos. 269, 270]** |

In the four-and-a half years that this lawsuit has been pending, attorney William Dresser is the third in a series of attorneys to have represented relator Donna McLean. McLean's previous attorneys withdrew from the litigation after they had a falling out with McLean. Dresser now moves for leave to withdraw as counsel of record for the same reason. McLean agrees to Dresser's withdrawal (indeed, she insists upon it) and separately requests that this matter be stayed through December 1, 2009 while she attempts to secure what will be her fourth attorney in as many years. Dresser and McLean represent to the court that the United States does not intend to oppose or otherwise respond to these motions. Defendants have not filed an

opposition to Dresser's motion to withdraw, but they object to yet another stay of these proceedings. Pursuant to Civ. L.R. 7-1(b), the matter is deemed suitable for determination without oral argument, and the October 13, 2009 hearing is vacated. Upon consideration of the moving and responding papers, the court will allow Dresser's conditional withdrawal and will permit a brief, and final, stay of these proceedings to give McLean time to find new counsel.

McLean filed the instant qui tam action on May 12, 2005, alleging fraudulent billing practices in connection with child welfare services. Following their investigation into the allegations, the United States and the State of California declined to intervene. The claims brought on behalf of the State of California have been voluntarily dismissed without prejudice.

The court's original scheduling order contemplated, among other things, a May 18, 2007 close of fact discovery and an October 2007 trial. Shortly before the close of fact discovery, however, McLean advised that she had a falling out with her first attorney, Douglas Linde. Linde was, at McLean's request, permitted to withdraw as counsel of record. The court's original scheduling order was vacated, and the litigation was stayed from May 15, 2007 to July 27, 2007 to allow McLean time to secure new counsel.

Attorney Michael Millen eventually substituted into the case in September 2007 as McLean's counsel of record. Soon after, this court held a case management conference and issued another scheduling order. At that time, Millen advised that relator planned to file an amendment to the original complaint to refine some of the allegations contained in that original pleading. However, within months after Millen substituted into the case, McLean advised that her attorney-client relationship with him had also irreparably broken down. Relator herself signed and filed the Amendment to Complaint on February 8, 2008.[1] A few days later, McLean filed a request to allow Millen to withdraw from representation. Her third and current counsel, William Dresser, then substituted into the case.

Discovery closed over a year ago. And, with the exception of certain lingering document and deposition discovery addressed in this court's September 8, 2009 order (Docket

---

[1] As discussed above, the claims brought on behalf of the State of California subsequently were voluntarily dismissed. Following its investigation into the allegations of the Amendment to Complaint, the United States declined to intervene.

2

No. 271), there is no other discovery pending.[2] The parties were directed to meet-and-confer on a new date for defendants' summary judgment motion following the completion of relator's depositions of defendants' designated experts.[3]

Dresser now moves for permission to withdraw. He says that he began to have disagreements with McLean in May 2008 and that the attorney-client relationship has completely deteriorated since then. The court is now informed that McLean was not only Dresser's client, she was also his employee. According to Dresser, McLean failed to cooperate with his requests for client information. He also claims that McLean has breached an obligation concerning expenses and fees and suggests that his continuing representation may result in violation of rules of professional conduct. McLean characterizes her disputes with Dresser as employment-related disagreements. Although the instant motions are the first this court has heard of any problems between Dresser and McLean, their papers indicate that they essentially stopped speaking to one another on September 30, 2008, i.e., McLean's last day of employment in Dresser's offices. McLean reportedly has been actively seeking new counsel for over a year.

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." CIV. L.R. 11-5(a). "In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California." Hill Design Group v. Wang, No. C04-521 JF (RS), 2006 WL 3591206 at *4 (N.D. Cal., Dec. 11, 2006) (citing Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)). Those standards provide that an attorney may seek permission to withdraw if, among other things, the client breaches an agreement or obligation to the attorney

---

[2] In their papers, Dresser and McLean revisit the scope of discovery as to Christian Griffith in his capacity as defendants' non-retained expert. The court does not address this issue here, except to say that the matter has been addressed, and disposed of, in no less than three prior orders. (See Docket Nos. 262, 268, 271).

[3] Defendants previously filed a motion for summary judgment, which was taken off calendar while the court addressed McLean's request for leave to propound additional discovery as to the allegations of her amendment to the complaint. That motion for discovery has been denied. (See Docket No. 271).

3

with respect to payment of expenses or fees, or if the client's conduct renders it unreasonably difficult for the attorney to represent the client effectively. Id. (citing Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d), (f)).

Based upon all the papers filed, Dresser will be permitted to withdraw. However, there has been no simultaneous substitution of counsel; and, McLean cannot proceed *pro se* on behalf of the government in a False Claims Act case. See United States ex rel Stoner v. Santa Clara County Office of Education, 502 F.3d 1116, 1126-27 (9th Cir. 2007) ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret [28 U.S.C.] § 1654 as authorizing *qui tam* relators to proceed *pro se* in [False Claims Act] actions."). Accordingly, Dresser's motion is granted subject to the condition that papers may continue to be served on him for forwarding purposes unless and until McLean appears through other counsel.[4] CIV. L.R. 11-5(b). Dresser is directed to serve a copy of this order on McLean and file a proof of service with the court.[5]

McLean's almost annual changes of counsel have inordinately delayed these proceedings. Nevertheless, she says that she will be meeting with "probable" counsel this month to discuss their taking up the matter in Dresser's stead. Accordingly, this action will be stayed, briefly, through November 30, 2009 at which time the stay will automatically expire. Assuming McLean has secured new counsel: (a) her new attorney(s) shall promptly enter an appearance and substitute into the matter, (b) the parties shall file a status report on December 1, 2009, and (c) a case management conference will be held on December 8, 2009, 1:30 p.m. to discuss the status of the remaining discovery addressed in this court's September 8, 2009 order and the setting of new dates for dispositive motion hearings, the final pretrial conference and

---

[4] Attorney Richard Swenson, who apparently was Dresser's associate, is also listed as McLean's counsel of record. The court is informed that he no longer works in Dresser's office. Accordingly, Swenson shall be terminated from the docket.

[5] McLean requested an order directing Dresser to give her certain documents and other materials. Dresser now represents that he has given McLean the original of all documents and materials pertaining to this litigation and related proceedings. (See Docket No. 275). Thus, this issue appears to have been resolved.

trial.  Although the court understands defendants' desire to avoid another stay, it also finds that the brief stay being ordered here will not result in significant prejudice.  And, in view of the fact that McLean has been actively seeking new counsel for over a year, the court finds that this brief stay is more than sufficient.  If McLean fails to retain new counsel on or before the expiration of the stay, the court intends to dismiss this action, without prejudice to the government.  See Stoner, 502 F.3d at 1128.

SO ORDERED.

Dated: October 9, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:05-cv-1962 Notice electronically mailed to:**

Joan Eve Trimble joan_trimble@cmwlaw.net, patricia_inabnet@cmwlaw.net

Melissa R. Kiniyalocts melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Orley Brandt Caudill , Jr brandt_caudill@cmwlaw.net, christopher_zopatti@cmwlaw.net

Richard Augustus Swenson rsloofwcd@aol.com, rsloofwcd@aol.com

Sara McLean sara.mclean@usdoj.gov

Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

Stephen H. Schmid stephen.schmid@cco.co.santa-clara.ca.us, marylou.gonzales@cco.sccgov.org

Virginia Stewart Alspaugh Virginia_Alspaugh@cmwlaw.net, Linda_Knobbe@cmwlaw.net, TheAlspaughs@cox.net

William C Dresser loofwcd@aol.com

William C. Dresser loofwcd@aol.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**Copy of order mailed to**:

Julia Ann Clayton
California Attorney General's Office
455 Golden Gate Avenue # 11000
San Francisco , CA 94102-7004