*E-FILED 04-02-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES *ex rel*. DONNA M. McLEAN and THE STATE OF CALIFORNIA *ex rel* DONNA M. McLEAN,<br><br>   Plaintiffs,<br>   v.<br><br>THE COUNTY OF SANTA CLARA, THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES OF SANTA CLARA COUNTY, KENNETH BORELLI, LAWRENCE GALLEGOS, EPIFANIO ("J.R.") REYNA, TANYA BEYERS, DR. DEE SCHAFFER, DR. TOMMIJEAN THOMAS, DR. RICHARD PERILLO and DOES 1-100,<br><br>   Defendants.<br>_____/ | No. C05-01962 HRL<br><br>**ORDER RE RELATOR'S MOTION FOR CLARIFICATION**<br><br>[Re:  Docket No. 292] |

Relator requests clarification of the court's September 8, 2009 order (Docket No. 271) with respect to the production of information pertaining to a certain form, i.e., CA800A FC (NONFEDERAL).  Specifically, McLean expresses concern that this form may have been carved out from the required production of documents because the September 8, 2009 order said that information pertaining to that form need not be produced "to the extent" the form did not pertain to funds requested of the United States.  Relator now requests that the court "clarify" that the September 8, 2009 order actually meant that the form is relevant and should be produced.

1    Preliminarily, the court does not view the instant motion as one for "clarification."
2 Instead, the instant motion appears to be an attempt by relator to salvage a mistake by her prior
3 counsel in failing to explain what information was being sought or why.  As noted in this
4 court's prior orders, relator's original request for this information was vague, ambiguous and
5 overbroad.  McLean failed to identify what form(s) she sought until after the County had
6 produced its documents on the court-ordered deadline.  Even then, she did not explain to the
7 court what these forms are or why they are important.  (See Docket Nos. 261, 271).  The court
8 did the best it could with the information it had to give relator the information it believed she
9 legitimately was entitled to have.  Thus, the sentence of the September 8, 2009 order that relator
10 now quibbles about was not the source of any confusion by the court, but rather, a failure of
11 relator to fully explain what she needed and why.

12    Acknowledging that she should have explained much sooner, McLean now claims that
13 the nonfederal form in question is necessary for the calculation of a certain federal/nonfederal
14 ratio that she contends is relevant to her claims.  Defendants oppose the motion, arguing that
15 this is an eleventh hour attempt to re-open discovery to obtain information in support of
16 McLean's unidentified and ever-shifting theories of liability.  Defendants also say that they
17 already have produced information pertaining to a nonfederal form — i.e., CA800A
18 (NONFEDERAL) — because that is what the September 8, 2009 order said.  The order did say
19 that initially; and, to the extent the court initially referred to "CA800A (NONFEDERAL)"
20 instead of "CA800A *FC* (NONFEDERAL)," it was a typographical error.  Nevertheless, that
21 typo should not have misled defendants as to what was being ordered produced.  It should have
22 been apparent from the context of the discussion that "CA800A FC (NONFEDERAL)" is the
23 form that was meant.  Among other things, the order specifically referred to exhibits of County
24 counsel's own declaration, which identified the form as "CA800A FC (NONFEDERAL)."  It
25 therefore appears that defendants chose to comply with the literal language of the order, rather
26 than with what defendants knew or should have known was being called for.

27    Accordingly, to the extent they have not already done so, defendants shall produce
28 information pertaining to form "CA800A FC (NONFEDERAL)."  All of the terms and

United States District Court
For the Northern District of California

limitations set forth in the January 22, 2009 order (Docket No. 261) still apply. The court therefore assumes that production should not impose a significant burden on defendants. The production shall be made no later than **April 12, 2010**.

Under the current scheduling order, relator's anticipated summary judgment motion is due on April 6, 2010. In view of the production being ordered here, the court finds that a continuance is appropriate — but a very brief one only. The instant motion was filed six months after the September 8, 2009 order issued and well after the close of discovery. This court has already bent over backwards with respect to relator's many prior requests for continuances and extensions of time in this proceeding. Accordingly, McLean's anticipated summary judgment motion shall be filed no later than **April 19, 2010**.

The May 11, 2010 dispositive motion hearing is continued to **June 8, 2010, 10:00 a.m.** Opposition and reply briefs on defendants' pending summary judgment motion and relator's anticipated summary judgment motion shall be filed in accordance with a normal 35-day calendar under Civil Local Rule 7.

Finally, the court notes that it is frankly concerned about where this is all going. This case originally was premised on the theory that defendants allegedly fraudulently overbilled the government by creating fictional children and entering into extended, pre-paid contracts with local doctors, who reportedly performed less work than was called for by the contract. Relator's theories of liability do seem to have shifted significantly since then (or, at the very least, it is unclear how the discovery in question pertains to her original theories). It is difficult to appreciate what relator will do with the federal and nonfederal forms now in question. Her papers suggest that the information might only be helpful to her as the subject of expert testimony. However, the time for discovery and expert disclosures has long since passed, and the court takes a dim view of any attempt by relator to now recast or reinvent this case as something different than what it has been. To the extent relator suggests that she may seek to introduce new or different expert testimony as to her claims, she has not established good cause to do so. And, this court is not inclined to re-open expert discovery at this stage of

1  the litigation.

2      SO ORDERED.

3  Dated:  April 2, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:05-cv-01962-HRL Notice has been electronically mailed to:

Gordon Wayne Renneisen     grenneisen@cornerlaw.com, pprill@cornerlaw.com

Jeremy L. Friedman     jlfried@comcast.net

Joan Eve Trimble     joan_trimble@cmwlaw.net, patricia_inabnet@cmwlaw.net

Melissa R. Kiniyalocts     melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Orley Brandt Caudill , Jr     brandt_caudill@cmwlaw.net, christopher_zopatti@cmwlaw.net

Sara McLean     sara.mclean@usdoj.gov

Sara Winslow     sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

Stephen H. Schmid     stephen.schmid@cco.co.santa-clara.ca.us, marylou.gonzales@cco.sccgov.org

Virginia Stewart Alspaugh     Virginia_Alspaugh@cmwlaw.net, Linda_Knobbe@cmwlaw.net, TheAlspaughs@cox.net

William C Dresser     loofwcd@aol.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Copy of order mailed to:

Julia Ann Clayton
California Attorney General's Office
455 Golden Gate Avenue # 11000
San Francisco, CA 94102-7004