**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES *ex rel*. DONNA M. McLEAN and THE STATE OF CALIFORNIA *ex rel* DONNA M. McLEAN,<br><br>    Plaintiffs,<br>  v.<br><br>THE COUNTY OF SANTA CLARA, THE DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES OF SANTA CLARA COUNTY, KENNETH BORELLI, LAWRENCE GALLEGOS, EPIFANIO ("J.R.") REYNA, TANYA BEYERS, DR. DEE SCHAFFER, DR. TOMMIJEAN THOMAS, DR. RICHARD PERILLO and DOES 1-100,<br><br>    Defendants.<br>_____ / | No. C05-01962 HRL<br><br>**ORDER DENYING RELATOR'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**<br><br>[Re: Docket No. 406] |

Relator Donna McLean filed this *qui tam* action against the County of Santa Clara (County) and others under the federal False Claims Act (31 U.S.C. § 3729, et seq.) and the California False Claims Act (Govt. Code § 12651, et seq.), alleging that defendants defrauded the federal and state governments with respect to child welfare funds. Defendants filed a counterclaim asserting that, by filing the instant action, McLean breached the parties' settlement agreement resolving several prior lawsuits filed by McLean against the County of Santa Clara. Several years after this action was filed, the claims brought on behalf of the State of California were voluntarily dismissed. McLean eventually obtained summary judgment on defendants'

counterclaim. Defendants ultimately prevailed at summary judgment on the federal *qui tam* claims.

Defendants then filed a Bill of Costs seeking $12,667.60 from McLean. The Clerk of the Court entered an award allowing $8,232.40 in costs. McLean seeks review of that award, arguing that neither side is a prevailing party entitled to its costs. Defendants oppose the motion. The matter was deemed submitted without oral argument. Upon consideration of the moving and responding papers, this court denies the motion.[1]

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Id. McLean's motion for review of the clerk's taxation of costs was filed one day too late. But, even if this court were to consider the matter on the merits,[2] it finds that the award of costs is appropriate.

The Ninth Circuit has "construed Federal Rule of Civil Procedure 54(d)(1) to create a presumption in favor of awarding costs to the prevailing party." Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997). The reasonableness of an award of costs is a matter within the court's discretion. And, in cases involving a mixed judgment, the court has discretion to require each party to bear its own costs. Amarel, 102 F.3d at 1523 (citation omitted). But, it is not necessary for a party to prevail on all of its claims to be found the prevailing party. San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 741 (9th Cir. 2009) (citing K-2 Ski Co. v. Head Ski Co., 506 F.2d 471, 477 (9th Cir. 1974)).

Here, as borne out by the record in this matter, the vast majority of the time and effort in this litigation concerned McLean's *qui tam* claims, which were significantly more complex than

---

[1] Before filing the instant motion, plaintiff filed a notice of appeal as to the order granting summary judgment for defendants on her *qui tam* claims. Nevertheless, awards of fees and costs are considered collateral issues over which the district court normally retains jurisdiction even after an appeal divests the court of jurisdiction over the merits. See Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("The award of fees and costs is a collateral issue.").

[2] See Lorenze v. Valley Forge Ins. Co., 23 F.3d 1259, 1261 (7th Cir. 1994) (concluding that the time limit of Rule 54(d)(1) has no jurisdictional significance).

2

1 defendants' counterclaim. By contrast, relatively little time was spent litigating and resolving
2 defendants' counterclaim, which concerned only the issue whether McLean's claims were
3 barred by the parties' prior settlement agreement. Accordingly, this court finds that defendants
4 are prevailing parties entitled to recoup their costs incurred in defending against the *qui tam*
5 claims, and McLean's motion for an order vacating the costs award is denied. See, e.g.,
6 Scientific Holding Company, Ltd. v. Plessey Inc., 510 F.2d 15, 28 (2d Cir. 1974) ("District
7 courts have held that a defendant who successfully fends off a large claim may be awarded costs
8 despite failure to prevail on a counterclaim.").

9 Nevertheless, the court also declines defendants' request to revisit the taxation of costs
10 to reinstate sums disallowed by the Clerk of the Court. Defendants did not timely request such
11 a review. Nor have they provided this court with any argument as to why they believe they are
12 entitled to the sums originally requested.

13 SO ORDERED.
14 Dated: September 28, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:05-cv-01962-HRL Notice has been electronically mailed to:

Gordon Wayne Renneisen     grenneisen@cornerlaw.com, amiclut@cornerlaw.com

Jeremy L. Friedman     jlfried@comcast.net

Julia Ann Clayton     julia.clayton@doj.ca.gov

Melissa R. Kiniyalocts     melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Sara McLean     sara.mclean@usdoj.gov

Sara Winslow     sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

Stephen H. Schmid     stephen.schmid@cco.co.santa-clara.ca.us, marylou.gonzales@cco.sccgov.org

William C Dresser     loofwcd@aol.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.