NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES ex rel DONNA M. McLEAN and THE STATE OF CALIFORNIA ex rel DONNA M. McLEAN,<br><br>  Plaintiffs,<br><br>  v.<br><br>THE COUNTY OF SANTA CLARA, THE DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES OF SANTA CLARA COUNTY, KENNETH BORELLI, LAWRENCE GALLEGOS, EPIFANIO ("J.R.") REYNA, TANYA BEYERS, DR. DEE SCHAFFER, DR. TOMMIJEAN THOMAS, DR. RICHARD PERILLO and DOES 1-100<br><br>  Defendants. | Case No. 5:05-cv-01962 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RELATOR'S MOTION FOR FEES**<br><br>[Re: Dkt. No. 392] |

Relator Donna McLean filed this qui tam action under the federal False Claims Act (31 U.S.C. § 3729, et seq.) and the California False Claims Act (Govt. Code § 12651, et seq.). Defendants filed counterclaims asserting that, by filing the instant action, McLean breached the parties' 2004 settlement agreement resolving several prior lawsuits filed by McLean against the County of Santa Clara. Several years after this action was filed, the claims brought on behalf of the State of California were voluntarily dismissed. McLean eventually obtained summary judgment on defendants' counterclaims.

1   Shortly after, relator moved for an award of $25,468.35 in fees and costs she said she
2   incurred in litigating the counterclaims. That motion was based on a clause in the parties' 2004
3   settlement agreement that provides, in relevant part:

> In any action or proceeding arising out of or relating to this
> Agreement or the enforcement or interpretation of this Agreement,
> the prevailing party shall recover reasonable attorneys' fees, costs,
> and expenses incurred in connection with such action or proceeding.

(Dresser Declaration, Dkt. No. 163, Ex. E, ¶ 17). McLean also filed a motion for certification of final judgment as to the counterclaims. The court did not find sufficient justification for an immediate appeal as to the ruling on the counterclaims. Accordingly, relator's motion for certification of final judgment was denied, and her then-pending motion for fees was denied without prejudice. (Dkt. No. 244). Meanwhile, the parties proceeded with litigation on the qui tam claims, and defendants ultimately prevailed on summary judgment as to those claims.

McLean subsequently renewed her motion for attorney's fees. In it, she seeks an award of attorneys' fees for services rendered by two of her former attorneys: Douglas Linde and William Dresser. Although Dresser is no longer counsel of record, this court is told that McLean has authorized him to make a "special appearance in this case for the limited purpose of moving for and recovering his attorneys' fees for time expended on the counterclaim." (Dkt. No. 393-3, Friedman Decl. ¶2). Dresser has also filed the motion on behalf of Linde. This time, however, Dresser seeks $29,093.35, a sum which includes fees and costs he says he incurred in connection with this renewed fees motion, as well as for services he did not claim in the first fees motion.

Defendants do not dispute that McLean prevailed on the counterclaims. Nor do they contest McLean's assertion that she is entitled to recover fees under the parties' 2004 settlement agreement. Instead, the focus of their opposition is that McLean seeks recovery of fees for work that defendants say was unnecessary or that pertained to the qui tam claims. Additionally, defendants contend that McLean has not submitted sufficient documentation to support the amount of fees claimed. Accordingly, defendants request that the fees motion be denied in its entirety—or, alternatively, that any award be limited to no more than $3,383.40.

This court directed Dresser to submit his unredacted billing statements for an in camera

1    review. Upon submission of those papers, the matter was deemed suitable for determination
2    without oral argument. Civ. L.R. 7-1(b). Having considered the moving and responding papers,
3    this court grants the motion in part and denies it in part.

## DISCUSSION

**A. Costs**

Although the parties' 2004 settlement agreement permits recovery of costs, McLean has, in a separate filing, disclaimed any intent to request an award of costs. (Dkt. No. 406 at 3 n.1). Accordingly, the following costs will be deducted from the requested award:

- $234.60 in costs sought by Linde
- $426.20 sought by Dresser for McLean's deposition transcript (Dkt. No. 163-4)
- $733.50 sought by Dresser for the deposition transcripts of defendants Byers and Griffith (Dkt. No. 163-3, p. 17);[1] and
- $427.80 sought by Dresser for copying costs (Dkt. 163-3, p 18).

The total costs deducted are $1,822.10.

**B. Reasonableness of Rates Charged**

Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Id.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir.

---

[1] Additionally, defendants point out that these transcripts concern depositions taken by another one of relator's former attorneys, Michael Millen, and that neither witness was asked during those examinations about defendants' counterclaims. (Dkt. No. 211, Kiniyalocts Affidavit ¶ 4).

1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)). "Generally, the relevant community is the forum in which the district court sits." <u>Barjon v. Dalton</u>, 132 F.3d 496, 500 (9th Cir. 1997) (citing <u>Davis v. Mason County</u>, 927 F.2d 1473, 1488 (9th Cir. 1991)). The fee applicant has the burden of producing evidence—other than declarations of interested counsel—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. <u>Blum</u>, 465 U.S. at 896 n.11. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1397-98 (9th Cir. 1993). In determining a reasonable fee, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. <u>Chalmers</u>, 796 F.2d at 1212.

The fees McLean seeks are based on the following hourly rates: Linde ($425/hour), Dresser ($250/hour), attorney Richard Swenson ($250/hour), and paralegal/law clerk work ($70/hour and $75/hour).[2] McLean has not provided any evidence other than declarations of the interested attorneys as to the reasonableness of the rates charged. At the same time, however, defendants do not take issue with the hourly rates charged by Dresser and Swenson or their paralegals/law clerks. Additionally, this court is familiar with the range of rates customarily charged by attorneys practicing before it, and the stated hourly rates for Dresser, Swenson, and their law clerks/paralegals appear to be within the middle range for cases of this magnitude and complexity and for similar work performed by attorneys of comparable skill, experience, and reputation.

Defendants do, however, challenge the hourly rate charged by Linde, who practices in

---

[2] Defendants correctly note that Dresser's fee agreement says that the hourly rate for paralegals/law clerks was $70, but that paralegal/law clerk work was sometimes charged at $75 per hour. The fee agreement, however, also says that the stated rates were subject to change. (Dresser Decl., Ex. B, Dkt. 163-2 at 2).

4

Beverly Hills, California. They contend that his hourly rate should be limited to $250/hour. As noted above, the relevant community for determining a reasonable hourly rate is the forum in which the district court sits. Barjon, 132 F.3d at 500. Rates outside the relevant forum "may be used 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" Id. (quoting Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992)). There is no suggestion in the record that McLean hired Linde because qualified local counsel was unavailable here (and, indeed, all of her subsequent counsel are located in the Northern District of California). And, during the time period in question, Linde had been practicing for about five years, whereas Dresser had been in practice for over twenty. Accordingly, Linde's hourly rate will be reduced to $250/hour.

### C. Reasonableness of Hours

"The product of reasonable hours times a reasonable rate does not end the inquiry." Hensley, 461 U.S. at 434. In determining a reasonable number of hours, the court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. Chalmers, 796 F.2d at 1210. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433. "There is no precise rule or formula for making these determinations." Id. at 436. "The court necessarily has discretion in making this equitable judgment." Id. at 437. The court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the degree of success obtained. Id. at 436-37. "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." Chalmers, 796 F.2d at 1211.

#### 1. Douglas Linde

McLean seeks fees for 31.25 hours that Linde spent defending against the counterclaim, including propounding written discovery requests; analyzing the case files; and researching, drafting, and arguing an anti-SLAPP (strategic lawsuit against public participation) motion.

Defendants renew their motion to strike Linde's time sheets on the ground that they are not properly authenticated. On McLean's first motion for fees, Linde's time sheets were simply appended to the declaration signed by Dresser. Linde, however, later submitted a declaration authenticating his time sheets. And, at a subsequent motion hearing, the court denied defendants' motion to strike as moot. (Dkt. No. 306 at 2-3). Accordingly, defendants' renewed motion to strike Linde's time sheets is also denied.

Having reviewed Linde's time sheets, the court finds the hours claimed to be reasonable. Applying a rate of $250 per hour, a total of $7,812.50 will be awarded for services rendered by Linde.

### 2. Hours allegedly pertaining to the qui tam claims

Defendants argue that some of the fees sought were actually incurred in connection with prosecution of the qui tam claims, and not in defense against the counterclaim. McLean maintains that she seeks fees incurred only in connection with the counterclaim, albeit she acknowledges that in some instances there may have been some overlap in the time being claimed. Defendants challenge the claimed hours in five respects, discussed below.

#### a. Depositions of Relator, Tanya Byers, and Christian Griffith

Dresser seeks $1799.00 for 6.4 hours of attorney time and 2.2 hours of paralegal/law clerk time (at $70/hour) and 0.6 hours of paralegal/law clerk time (at $75/hour) spent preparing for, traveling to and from, and attending McLean's deposition. (Dkt. No. 163-3, pp. 10-11). Based on the number of pages of deposition transcript devoted to the issue, defendants say that only 8% of the actual examination concerned the counterclaims (Dkt. No. 211, Kiniyalocts Decl. ¶ 5) and request that the claimed sums be reduced accordingly. Dresser does not deny that the vast majority of McLean's deposition concerned the qui tam claims; but, he contends that time spent in deposition does not fairly account for preparation time. He does not say how much of his preparation time was devoted to the counterclaims. Because only a small proportion of the examinations concerned the counterclaims, the court will award fees for 2 of the 6 hours Dresser spent preparing for and attending the deposition, plus the claimed paralegal/law clerk time for a total of $699.00.

6

b. Fact Discovery

Defendants take issue with $887.50 (3.1 hours of attorney time[3] and 1.5 hours of paralegal/law clerk time (at $75/hour)) claimed for fact discovery activities such as propounding written discovery requests, meeting-and-conferring, and preparing a motion to compel and supplemental disclosures. (Dkt. No. 163-3, pp. 4, 13, 16). They contend that these activities pertained solely to the qui tam claims. Dresser maintains that the claimed sums pertain only to the counterclaims, even though there may be some overlap with the qui tam claims. It is unclear precisely what percentage of the claimed activities relate to the counterclaims, if at all. But, it appears that only 15% of the of the submitted meet-and-confer correspondence concerned the counterclaims. (Dkt. 163, Dresser Decl., Exs. F-H). The court will award 15% of the requested fees for a total of $133.13.

c. Expert Disclosures

Defendants challenge $622.50 (1.5 hours of attorney time and 3.3 hours of paralegal/law clerk time (at $75/hour)) claimed in connection with expert disclosures. (See Dkt. No. 163-3, pp. 23-24). They contend that these activities pertain only to the qui tam claims. It is unclear precisely what percentage of the claimed activities relate to the counterclaims, if at all. But, the record indicates that the vast majority of expert disclosure and discovery pertained to the qui tam claims. (Dkt. 169-1, 173, 174). The only suggestion that some of McLean's expert disclosure might have related to the counterclaims is the fact that she initially disclosed attorneys for the United States and the State of California as 5 of her 67 claimed experts. (Dkt. 169-1). Inasmuch as those disclosures comprised 7% of her total expert disclosures, the court will award 7% of the claimed fees, for a total of $43.58.

d. Mediation conference calls

Defendants oppose $300.00 (1.2 hours of attorney time) claimed for conference calls and correspondence concerning the scheduling of the parties' mediation. (Dkt. No. 163-3, pp. 5-7). Defendants argue that the parties were obliged under the court's ADR Local Rules to engage in

---

[3] Defendants say that the attorney time being claimed is 3.8 hours. However, on the billing pages defendants cite, the court finds only 3.1 hours that are being claimed in connection with fact discovery matters.

7

some form of ADR, whether or not the counterclaims were in the case. This court agrees. Accordingly, the requested fees for these activities are denied.

### e. Attorney's fees without a description of service

Because the time sheets submitted by Dresser's office were heavily redacted, defendants contend that it is unclear whether certain services pertained to the qui tam claims or to the counterclaims. Specifically, defendants argue that $1,135.00 (3.7 hours of attorney time and 3 hours of paralegal time) should be deducted from the claimed sums. This court having reviewed the unredacted time sheets in camera, it is satisfied that the claimed sums are appropriate. No deductions will be made here.

### 3. Fees on Fees

Defendants object to McLean's request for "fees on fees," i.e., the fees incurred in bringing her fees motions. The "fees on fees" include:

(1)     $1,750.00 for time spent by Dresser and Swenson preparing the first fees motion, (7 hours at $250/hour) (Dkt. Nos. 162 and 163);

(2)     $2,100.00 (8.4 hours at $250/hour) for services performed in 2008 which were not claimed in the first fees motion (Dkt. Nos. 393, Dresser Decl., ¶ 7, Ex. B); and

(3)     $1,250.00 (5 hours at $250/hour) for activities in connection with the instant fees motion (Dkt. No. 393, Dresser Decl. ¶ 8).

In evaluating a request for "fees on fees," a "district court does not abuse its discretion by applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 909 (9th Cir. 1995). Because McLean is being awarded 58% of the merits fees she requested, the court will also award 58% of the requested fees-on-fees for a total of $2958.00. Even if the court did not apply the percentage method, it would find a reduction in the requested fees-on-fees appropriate. The instant motion is a largely recycled version of the first. Moreover, Dresser did not engage in reasonable meet-and-confer negotiations prior to filing these fee motions. He initially requested that the County pay $12,000 in fees, but refused County counsel's reasonable request for documentation supporting the requested fees, and then proceeded with the instant motions.

### D. Prejudgment Interest

McLean requests an adjustment, i.e., prejudgment interest at a rate of 10% per annum under 28 U.S.C. § 1961, to account for the time that passed since she obtained summary judgment on the counterclaims. She does not cite authority establishing a basis for such an adjustment. And, even if she had, this court is disinclined to allow it. Section 1961 concerns post-judgment interest, and up until the entry of this order, this court made no determinations as to her entitlement to fees. Moreover, McLean does not provide support for the claimed federal weekly average rate of "10% per annum."[4]

## ORDER

Based on the foregoing, McLean is awarded $16,927.21 in fees.

**SO ORDERED**.

Dated: September 30, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] The weekly average 1-year constant maturity Treasury yield published by the Board of Governors of the Federal Reserve System indicates that in 2008 and on, the rate has not been more than 3.18% and generally has been less than one percent. http://www.federalreserve.gov/releases/H15/data.htm.

9

5:05-cv-01962-HRL Notice has been electronically mailed to:

Gordon Wayne Renneisen     grenneisen@cornerlaw.com, amiclut@cornerlaw.com

Jeremy L. Friedman     jlfried@comcast.net

Julia Ann Clayton     julia.clayton@doj.ca.gov

Melissa R. Kiniyalocts     melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Sara McLean     sara.mclean@usdoj.gov

Sara Winslow     sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

Stephen H. Schmid     stephen.schmid@cco.co.santa-clara.ca.us, marylou.gonzales@cco.sccgov.org

William C Dresser     loofwcd@aol.com